**Salvador RAMIREZ, Plaintiff–Appellant,**

v.

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT; North Las Vegas Police Department, Defendant–Appellees,**

**and**

**Michael Carmody, Defendant.**

No. 00–15830.

D.C. No. CV–S–97–01904–DWH (RLH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Nov. 30, 2001.

Before RONEY *, HUG, and THOMAS, Circuit Judges.

MEMORANDUM **

Salvador Ramirez appeals the district court's grant of summary judgment in favor of Las Vegas Metropolitan Police Department ("LVMPD") and North Las Ve-

---

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

gas Police Department ("NLVPD").[1] We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

In order to withstand summary judgment in a 42 U.S.C. § 1983 claim against a municipal entity, a plaintiff must offer enough evidence to create a genuine issue of material fact as to both the existence of a constitutional violation, and municipal responsibility for that violation. See *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Without passing on the merits of Ramirez's alleged constitutional injuries, we conclude that Ramirez failed to create a genuine issue of material fact over whether LVMPD and NLVPD caused his alleged injuries.

■ Generally, a party may demonstrate municipal responsibility for a constitutional violation in one of three ways. First, a plaintiff might show that an entity with decision-making authority within the municipality expressly enacted or authorized the policy that led to the injury. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. Second, a plaintiff might prove that the municipality caused the injury by showing the violation was the result of municipal custom. See *Pembaur*, 475 U.S. at 481–82 n. 10, 106 S.Ct. 1292. Finally, a plaintiff might show that the constitutional violation is the product of inadequate training on the part of the municipality. See *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

■ In this case, Ramirez failed to provide sufficient evidence of causation under any of these theories. As for the first theory, there is no evidence in the record of an express declaration from NLVPD or LVMPD promoting deliberate indifference to the medical needs of pre-trial detainees, or condoning the use of excessive force. Indeed, as to deliberate indifference, the record indicates that both the NLVPD and LVMPD have adopted specific policies of providing their wards with all reasonably necessary medical care (as evidenced by each entity's contract with an independent health care provider).

■ Similarly, Ramirez cannot point to sufficient evidence proving that NLVPD and LVMPD have municipal customs favoring deliberate indifference and excessive use of force. A practice is a "custom" only if it is "so persistent and widespread that it constitutes a permanent and well settled city policy." See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996) (internal quotation marks omitted). Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." See *Id.*

In arguing that NLVPD and LVMPD have a custom of being deliberately indifferent to the medical needs of detainees, Ramirez relies solely on his own experience while in custody at North Las Vegas Jail and Clark County Detention Center.

1. Ramirez originally brought suit against LVMPD, NLVPD, Officer Michael Carmody in his official capacity (which coincides with the suit against NLVPD), and Officer Carmody in his individual capacity. Although Officer Carmody never moved for summary judgment on the individual-capacity claim, it seems the court below granted Officer Carmody summary judgment on that claim *sua sponte*. Because Ramirez does not appeal this *sua sponte* grant of summary judgment, the individual-capacity suit against Officer Carmody is not before us.

Simple put, Ramirez's individual experience simply does not provide the duration, frequency, and consistency necessary to prove a municipal custom of deliberate indifference under *Trevino.*

■ Ramirez's claim that NLVPD and LVMPD have a custom of using excessive force is also unsupported by the record. Beyond noting his personal experience (which, as noted above, is insufficient under *Trevino* ), Ramirez cites as evidence several news reports from the Las Vegas area dealing with police use of force. These reports add nothing to Ramirez's claim against NLVPD, as the stories only involve LVMPD (an independent entity with distinct procedures and training). Moreover, the reports add little to the claim against LVMPD. The reports state that force was used in several recent cases involving the LVMPD. However, the stories do not indicate whether the force was excessive. Because the news reports do not suggest that excessive force was used, they have virtually no probative value on the issue of whether LVMPD has a municipal custom of using excessive use of force during arrests.

■ Finally, Ramirez offers insufficient proof that NLVPD or LVMPD had a policy of inadequate training that brought about his injuries. Under Ninth Circuit precedent, a party must show three things to make out a viable claim of inadequate training. See *Merritt v. County of Los Angeles,* 875 F.2d 765, 770 (9th Cir.1989). First, a plaintiff must show that the existing program is inadequate. See *Id.* Second, a plaintiff must prove that the training policy, or lack thereof, amounts to a "deliberate indifference" to the rights of the people with whom the officials come into contact. See *Id.* Finally, a plaintiff must prove causation. See *Id.* Specifically, a plaintiff must show that the deliberate indifference on the part of the municipality actually caused the constitutional violation at issue. See *Id.*

In this case, Ramirez offers virtually no evidence regarding officer training at either the LVMPD or the NLVPD. Given the absence of evidence related to inadequate training, Ramirez cannot withstand summary judgment by arguing that a genuine issue of material fact exists on whether inadequate training caused his constitutional injuries.

Because Ramirez failed to present sufficient evidence to create a genuine issue of material fact in support of municipal liability, the district court was correct to grant LVMPD and NLVPD summary judgment. As such, the district court's decision is AFFIRMED.